UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA DAVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>KAISER FOUNDATION HOSPITALS,<br><br>        Defendant. | Case No. 21-cv-08813-HSG<br><br>**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. No. 23 |

Pending before the Court is Defendant Kaiser Foundation Hospitals' motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). Dkt. No. 23. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

### I. BACKGROUND

This is the second case Plaintiff Gloria Davis filed against Kaiser Foundation Hospitals. On September 20, 2019, Plaintiff filed two cases pro se:

- *Davis v. Kaiser Foundation Hospitals*, Case No. 19-cv-05866-HSG ("*Davis I*"), was filed in the United States District Court for the Northern District of California.
- This action ("*Davis II*") was originally filed in the Superior Court of the State of California for the County of Alameda. However, Plaintiff did not serve Kaiser until October 20, 2021. *See Davis II*, Dkt. No. 1-1 at 1–2. Kaiser then removed the case to the Northern District. *See Davis II*, Dkt. No. 1.

In both cases, Plaintiff alleges that Kaiser wrongfully terminated her employment. *Compare Davis II*, Dkt. No. 1-2, Ex. A ("Compl."), *with Davis I*, Dkt. No. 23 ("FAC"). On February 2, 2022, the Court in *Davis I* granted Kaiser's motion for summary judgment and entered judgment

in Kaiser's favor.  *See Davis I*, Dkt. Nos. 65, 66.  Kaiser argues that *Davis II* is therefore barred by res judicata and must be dismissed.  The Court agrees.

## II. DISCUSSION

Res judicata, also known as claim preclusion, limits the ability of litigants to relitigate matters.  The doctrine "serves to promote judicial efficiency by preventing multiple lawsuits and to enable the parties to rely on the finality of adjudications."  *Dodd v. Hood River County*, 136 F.3d 1219, 1224–25 (9th Cir. 1998).  Res judicata applies where there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties."  *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quotation omitted).  Where these factors are met, res judicata not only bars claims that were actually adjudicated in the prior action, but also *all claims that could have been raised* in that action.  *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997).  Here, the Court finds that all three requirements for res judicata are satisfied.[1]

### i. Identity of Claims

Courts determine whether there is an identity of claims by assessing four factors: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions."  *ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (emphasis omitted) (quotation omitted).  The first of these factors is the most important.  *See Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917–18 (9th Cir. 2012).

"Whether two suits arise out of the same transactional nucleus depends upon whether they are related to the same set of facts and whether they could conveniently be tried together."  *ProShipLine*, 609 F.3d at 968 (emphasis omitted) (quotations omitted).  The Ninth Circuit has explained that although "[a] plaintiff need not bring every possible claim," "where claims arise

---

[1] The Court notes that Plaintiff did not file an opposition to the motion to dismiss in this case, despite having ample opportunity to do so.

from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." *Turtle Island*, 673 F.3d at 918.

Plaintiff alleged several causes of action in *Davis I* related to her termination, including (1) discrimination based on (a) "race" and "color," apparently under Title VII; (2) discrimination based on "gender/sex," under Title VII of the Civil Rights Act of 1964; (3) discrimination based on "age," under the Age Discrimination in Employment Act of 1967 ("ADEA"); (4) discrimination based on "disability or perceived disability" identified as "Central Nervous System Disorder; Neck; Back et al," under the Americans with Disabilities Act of 1990 ("ADA"); (5) failure to accommodate disability, apparently under the ADA; (6) retaliation; and (7) harassment. *See Davis I*, FAC at 3–4. In *Davis II*, Plaintiff alleged causes of action for wrongful termination and general negligence. *See Davis II*, Compl. Nevertheless, *Davis I* and *Davis II* clearly "arise out of the same transactional nucleus of facts." In both cases, Plaintiff alleges that Kaiser wrongfully terminated her employment.

In *Davis I*, for example, Plaintiff alleged that during her employment she was

> written up aggressively over and over with false allegations perceived as [d]irect retaliation . . . for my continued request for a reasonable accommodation and FMLA leave . . . .

*See Davis I*, FAC, Statement of Facts at 12.[2] Plaintiff also described instances in which she was falsely accused of leaving a patient unattended and violating the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") by improperly accessing and retaining patient health records. *Id.* at 12–13. And in *Davis II*, Plaintiff alleged that Kaiser violated her "Constitutional rights as a citizen of the United States and State of California by terminating plaintiff's 19 years of employment on bogus allegations and denial of both federal and state rights to due process." *See Davis II*, Compl. at 4. Even if Plaintiff's "general negligence" claim in this case is a new legal theory, she could have brought this claim in *Davis I*. *See Turtle Island*, 673 F.3d at 918.

---

[2] For ease of reference, the Court refers to the PDF pages rather than the document's internal pagination.

### ii. Identity of Parties

Both *Davis I* and *Davis II* also involve the same parties. Plaintiff filed both cases on the same day against "Kaiser Foundation Hospitals." *Compare Davis I*, FAC, *with Davis II*, Compl.

### iii. Final Adjudication of Merits

Lastly, there has been a final judgment on the merits in *Davis I*. As noted above, the Court granted Kaiser's motion for summary judgment as to each of Plaintiff's claims in *Davis I* and entered judgment in Kaiser's favor. *See Davis I*, Dkt. Nos. 65, 66.

## III. CONCLUSION

Accordingly, the Court **GRANTS** the motion on res judicata grounds. Because Plaintiff cannot amend her complaint to avoid res judicata, the Court finds that granting leave to amend would be futile. The Clerk is therefore directed to enter judgment in favor of Defendant and to close the case.

**IT IS SO ORDERED.**

Dated: 7/15/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge